UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: CRAIG AZAR                                    8:11-bk-6973-KRM

CRAIG AZAR,

        Appellant,

v.                                                    Case No. 8:11-cv-2562-T-24

TERRY E. SMITH, TRUSTEE,

        Appellee.
_____/

**<u>ORDER</u>**

This cause comes before the Court on Debtor/Appellant Craig Azar's Motion for Leave to Appeal Interlocutory Order by Bankruptcy Court. (Doc. No. 1). Appellee opposes the motion.[1] (Doc. No. 2).

Pursuant to 28 U.S.C. § 158(a)(3), a district court has jurisdiction to hear an appeal of an interlocutory bankruptcy order if the district court grants leave to appeal. In such a situation, it is within the district court's discretion to grant or deny leave to appeal. See <u>In re Laurent</u>, 149 Fed. Appx. 833, 837 (11th Cir. 2005). Furthermore:

[T]he § 1292(b) requirements need not be satisfied when an interlocutory appeal

---

[1] The Court notes that Appellee's response was not timely filed, as it was not filed within 14 days after service of the motion for leave to appeal (as required by Bankruptcy Rule 8003). Appellant's motion for leave to appeal was filed with the bankruptcy court on October 25, 2011, and Appellee's response was not filed until November 18, 2011. However, even if the Court disregarded Appellee's untimely response, the Court would still deny the requested relief.

is taken from the bankruptcy court to the district court.[2] In such a case, the district court's discretion to entertain an interlocutory appeal from the bankruptcy court is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district court.

Chrysler Financial Corp. v. Powe, 312 F.3d 1241, 1245-46 (11th Cir. 2002); see also Laurent, 149 Fed. Appx. at 837.

The court of appeals' discretion to entertain a Rule 23(f) appeal is unfettered. Fed. R. Civ. P. 23(f) Advisory Committee Note to 2007 Amendments. "Permission to appeal [under Rule 23(f)] may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." Fed. R. Civ. P. 23(f) Advisory Committee Note to 1998 Amendments; see also Jenkins v. Bellsouth Corp., 491 F.3d 1288, 1291. (11th Cir. 2007).

Upon review of the motion for leave to appeal, the bankruptcy court's order at issue, and the transcript of the bankruptcy court's September 26, 2011 hearing, this Court **DENIES** Azar's Motion for Leave to Appeal Interlocutory Order by Bankruptcy Court. (Doc. No. 1). The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of November, 2011.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable K. Rodney May

---

[2]Pursuant to 28 U.S.C. 1292(b), an appeal of an interlocutory order in a civil case is permissible if the district judge states in writing that he or she is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."